Per curiam

Williams and Macay.
it. was futandi-vi) decided in favor of ihe executors of Lewis upon argument. Quaere — The authorities upno which this decision is grounded. Fearne 440. 9 Mo. 101. 2 P. Wil. 808—only prove that the husband may dispose for vain- *321 able consideration, and that equity will protect such assignment. 1 P. Wil. 566. 3 P. Wil. 411. Fearne 446, 447. Co. Lilt 46 b. 10 Rep. 51 a. 1 Salk. 336—will now of them support, this decision ; neither does H. Bl. Rep. 53s, for though a vested interest in remainder, was there odd to \est-in the husband, that was the case of a ciu'id real ; and 2 Atk. 124, and the authorities cued in Whitbie v. Frazier, prove that vested interest in the wife, not reduced imo possession, do not go to the hu ,bund as husband, but as next of kin to the wife where he survives her — wher“as if they went to him as husband, because vested interests in the wife, there would be no occasion to claim them, nor indeed rouM lie claim them as administrator of the wife — these negroes were hut ehoses in action of the wife of the latter Lewis, which the first husband had never reduci d into possession ; and as she in fact had not become entitled to the possession till after the death of the mother, which was subsequent to tha< of her husband, the action in her right, commenced only from the death of the mother; so that during the .life of the first husband, he could not even sue or demand the ne-groes in right of his wife ; and it seems difficult ro imagine how the executors could acquire he.>e rights, which the person they represent had not. Ideo quaere de hoc.
Note. — It will be-seen that the Reporo-r doubts of the dens or in this sue, and it seems, from the case of McCallop’s Ex’rs. v. Blount & Wife, Con. Rep 96, tha. his opinion was correct. I . Sarah Neal’s Adm’r v. Haddock, also, the Judge (Taylor) says it is p rfeclh settled that tin- husband is not entit.l. d to tut remainder of a chattel belonging to tilo wife at the time of tile interm .rri ¡fíe This case is reported in 2 Hay. 183, and it seems that Haywood had then changed his former opinion and seemed disposed to consider tlist where a wife lias a vested remainder, it becomes ihe property of the liusosnd by the marriage, although it may not vest in possession during ihe life of the wife. It is well settled that if ehoses in action bel ngiiig to tin; wife are not reduced into possession during her life by tin- husband, he is entitled to administer them, and if h .oes before administration taken out, his representatives will be beneficially interested, though it seems the wife’s next o( kin can claim the administration. From Con Rep. 75, it appears that the administrator ol Daniel Neal, who w. s ’lie husband at Sarah Neal, (mentioned in the case abov. from 2 Hay.J oid who survived her, brought an action against Haddock for Slu > ■ ne property, but she court held in accord.nee with Whitbie md Crazier, anee 1.75, that the wife’s representative must bring fr- -vti.in, but Inat he would'hold as trustee for the husband’s reprts niative.— The case from 2 ¿/«¿/.shows that such .»-ten n was brought a. it recovery hr i th. reon. Hut :f Haywood’s iattei .i,.'iiiion he oici t"., and it is . via nv very strongly supplied ny Roberts v. Polgrean, 1 H. Black, Rep. 535, the case in the Court of Conference, and Wlutbie’s *322 Adm’rs. v. Frazier, ought to have been decided differently upon the ground tint the wife’s interest was not a chose in action, but a vested interest. Slaves hired out at the time of marriage are dioses in possession and vest in the husband though tie may die- before the time expires for which they were hired. McLean’s Adm’r. v. Taylor’s Ex'r. 1 Dev. Rep. 310. Frazier’s Ex’r. v. Mhoon & Wife, ibid. 456.